THE PEOPLE *ex rel.* George Hunt, Attorney General,

*v.*

THOMAS W. McFALL *et al.*

*Filed at Springfield May 9, 1888.*

1. QUO WARRANTO—*leave to file—in term time, and in vacation* On application to the circuit court, in term time, for leave to file an information in the nature of a *quo warranto*, the court may grant leave either on an *ex parte* showing, or it may order a rule *nisi* to be entered against the respondents, requiring them to appear on a day fixed and show cause why leave shall not be granted, and have a formal and full hearing.

2. This rule can not be applied, however, when the application is made to a judge in vacation, as a judge can exercise no judicial functions in vacation, unless expressly authorized to do so.

3. APPEAL—*reviewing facts.* Where a full hearing is had on an application to the circuit court for leave to file an information in the nature of a *quo warranto*, by the presentation of affidavits and counter-affidavits as to the facts relied on, and leave is refused, and the judgment is affirmed by the Appellate Court, this court can not consider an assignment of error questioning the finding of the facts by that court.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Adams county; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. GEORGE HUNT, Attorney General, and Mr. J. N. SPRIGG, for the appellants:

Leave to file an information in the nature of a *quo warranto* should be granted to the Attorney General as of public right, upon the complaint of the latter, and on an *ex parte* showing. Rev. Stat. chap. 112, sec. 1; *People* v. *Golden Rule,* 114 Ill. 42; *People* v. *Railway Co.* 88 id. 544; High on Ex. Legal Rem. (2d ed.) secs. 697, 699, 707.

Upon a charge of usurpation in *quo warranto* proceedings, the burden is on the defendant to show that no usurpation has been committed. High on Ex. Legal Rem. secs. 629, 696b, 747.

Separate schools, maintained at public expense, for pupils of African descent, the exclusion of such pupils from the pub-

lic schools where they. reside, or the discrimination in such schools against pupils of African descent, are each unlawful. Const. 1870, art. 8, sec. 1; *Chase* v. *Stephenson,* 71 Ill. 383 ; Rev. Stat. 1874, chap. 122, secs. 105-107; Laws of 1885, p. 64, secs. 1, 2; *People ex rel.* v. *Board of Education,* 101 Ill. 308; *Board of Education* v. *Tinnon,* 26 Kan. 1; 40 Am. Rep. 203 ; *Clark* v. *Board of Education,* 24 Iowa, 266; *Smith* v. *School Directors,* 40 id. 518; *Dore* v. *School District,* 41 id. 689 ; *Kane* v. *Commonwealth,* 101 Pa. St. 490; *People* v. *Board of Education,* 18 Mich. 400; 46 N. J. L. 70; 7 Nev. 342; *School District* v. *Aldrich,* 13 N. H. 139.

Public school officers have no power to exclude pupils, of whatever color, solely for the reason that there is no room in the school house for them. It is the duty of such officers to provide equal accommodations for all children eligible to attend the public schools. Const. 1870, art. 8, sec. 1; Rev. Stat. chap. 122, sec. 119, *et seq.;* Compulsory Education Law ; *Chase* v. *Stephenson,* 71 Ill. 385.

Mr. L. E. EMMONS, and Messrs. CARTER & GOVERT, for the appellees :

Leave to file an information in the nature of a *quo warranto* is in the sound discretion of the court to which the application is made; and it is proper practice to lay a rule *nisi* on the defendants to show cause why the leave to file the information should not be granted. *People* v. *Moore,* 73 Ill. 132; *People* v. *Waite,* 70 id. 25 ; *People* v. *Callaghan,* 83 id. 128; *People* v. *Railway Co.* 88 id. 543; *Cone* v. *Anison,* 15 Serg. & R. 133 ; *People* v. *Sweeting,* 2 Johns. 183; *State* v. *Tehoe,* 7 Rich. 246 ; *State* v. *Tolan,* 33 N. J. L. 195; *State* v. *Bridge Co.* 18 Ala. 678; *State* v. *Frisbee,* 28 Vt. 714.

The objection of the prosecution being to forfeit the officers of their rights, and the seizure of the franchise into the hands of the State, the "Board of Education of the City of Quincy," being a corporation by that name, should have been made a

party. 5 Ark. 595; 41 Am. Dec. 109; *Cheshire* v. *Kelley*, 30 Am. Dec. 50.

Leave will not be granted to file an information where it appears to the court that the public officer making the application has been imposed upon by persons who are attempting to make use of the proceeding to attain private ends, or to annoy and harrass public officers in the discharge of their duties. *People* v. *Railway Co.* 88 Ill. 546.

Courts do not favor this means of redressing the abuse of corporate powers, and will refuse to countenance it where there is other ample remedy, (10 Ohio, 535,) or where the abuse is doubtful. *People* v. *Hillsdale*, 2 Johns. 190.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 25th day of September, 1886, the Attorney General filed in the circuit court of Adams county, the same being then in session, a petition for leave to file an information in the nature of a *quo warranto*, against Thomas McFall and others, "requiring them to show by what authority they claim to have, use and exercise certain powers and privileges as members and officers of the board of education of the city of Quincy, in said county," as set forth in the petition therewith presented. The information proposed to be filed, after setting out the incorporation of the board of education, its powers, duties, etc., proceeds to charge the members thereof with official misconduct and abuse of their franchises, by illegally and unjustly discriminating, in various ways, against the negro children and pupils within their jurisdiction, on account of their race and color. The affidavits of a number of colored persons were presented, tending to support those charges, but in many respects they were vague and unsatisfactory. Upon the showing made, the court, as it would seem, was disinclined, without further inquiry, to either allow or disallow the information to be filed, and therefore ordered a rule *nisi* to be entered against the respondents, requiring them to appear on a certain day of the

then term of the court and show cause why the information should not be filed. A formal and full hearing was had under the rule, in open court, on the 14th day of October following, resulting in the entry of an order denying leave to file the information. On appeal from this order, the Appellate Court, in an exhaustive review of the various charges, and the evidence bearing upon them, affirmed the order.

On the present appeal the case is brought within very narrow limits. It is assigned for error that the Appellate Court erred in affirming, and in not reversing, the judgment of the circuit court. So far as this assignment of error questions the findings of the Appellate Court upon the facts, we can not review it. The only ruling of the circuit court complained of, and which is open to review here, is its refusal to allow the information to be filed on the *ex parte* showing of the Attorney General, its entering a rule *nisi* against respondents, and permitting them to file counter-affidavits. This very question was passed upon in *The People ex rel.* v. *Moore et al.* 73 Ill. 132, and decided adversely to the claim now made by appellant. In that case the trial court, against the objections of the State's attorney, placed the respondents under a rule to show cause, as was done here, and this court sustained its action. The counterpart of this ruling is found in *The People ex rel.* v. *Golden Rule et al.* 114 Ill. 34, where it is held that the court may grant such leave without a rule *nisi*. Taking the two cases together, it follows that the court may or may not dispense with the rule *nisi*, as in its opinion the exigencies of the case demand. Of course, this rule could not be applied to a case of this kind, where the application is made, as it may be, to a judge in vacation, for a judge can exercise no judicial functions in vacation, unless expressly authorized to do so.

Upon the whole record, we think it clear there are no merits in the case, and that the judgment of the Appellate Court should therefore be affirmed.

*Judgment affirmed.*