Per Curiam.

Without deciding whether nil debet might or might not be pleaded for form’s sake, and as an issue to the country, for the purpose merely of upholding notices of payment, and thus secured to a person sued on a judgment of one of our own courts, the benefits intended by the statue to facilitate pleading,* we are all of opinion,
*183 that the plaintiff having treated this plea in the present case as a legal plea, and having gone to trial upon it, he cannot now allege any thing against it, and is concluded by his own acts. This decision is analogous to that of Rush v. Cobbet, decided here in January terra, 1801. Bush sued on a judgment obtained in Pennsylvania, and the defendant pleaded nil debet and payment. On the trial tho plaintiff offered no proof of the judgment, concluding that the plea of nil debet admitted it. The court held, that the plaintiff was hound to make out his case by proving the judgment; and that whether nil debet was a good plea or not, the plaintiff having gone to trial upon it, was concluded from objecting to it. This decision took place before it had been held that such a judgment could be impeached, and is therefore applicable to this case. The plaintiff must take nothing by his motion.
Judgment for the plaintiff

 Laws of N. Y. Vol. 2. p. 346.

 Seevol. 1. p. 509, S. C.