THE PEOPLE, &c., *ex relatione* GEORGE DIXON, *v.* BELA SHAW et al.

### ERROR TO WINNEBAGO.

Where, by the act for the maintenance of the Rockford Bridge, it was provided, that the election of commissioners should be at the "general election," on the first Monday in August in each year : —

*Held*, that the change of the day for general elections from August to November, did not extend to this act, which fixes a day for the election.

Certainty to a common intent in general will satisfy the requirements of the law, where the substantial facts constituting the defence can be put in issue.

THIS was an information in the nature of a *quo warranto*, first filed in the circuit court for the county of Stephenson, 30th March, 1850, upon change of venue from Winnebago.

The affidavit of the relator, upon which leave was obtained to file the information, was filed in the Winnebago circuit court, 18th March, 1850. It sets out part of the Rockford Bridge Act of 25th February, 1847, including the clause requiring the Rockford Bridge Commissioners to be elected at the general election; and that ever since 1st December, 1849, the defendants had usurped, intruded into, and unlawfully held and executed the office, powers, and rights of such bridge commissioners, without having been elected thereto at any annual election, and without any legal warrant, right, or title; and that so being unlawfully such bridge commissioners, they purpose and intend to levy a tax under color of the said act, upon the tax payers of the late precinct of Rockford, of $800 and more, and that it is unlawful for them to levy such tax; and that the relator is the owner of a considerable amount of taxable property in the precinct.

On 22d March, 1850, the defendants, to show cause against the application, filed the affidavit of Bela Shaw, not denying the intention to levy the tax, but alleging that the defendants were elected at an election for the choice of four bridge commissioners, 6th August, 1849.

The following is the substance of the information : —

In the Stephenson Circuit Court. By change of venue from the county of Winnebago; of the term of March, 1850.

Stephenson county, ss.

Phineas W. Platt, State's attorney *pro tem.* in the county of Winnebago, of the people, &c., duly appointed in the absence of Alonzo Platt, circuit attorney of the eleventh judicial circuit,

&c., who sues for the said people in this behalf, comes here, &c., 30th March, 1850, and for, and in the name, and by the authority, of the said People, at the relation of George Dixon, *secundum formam*, &c., gives the court to understand and be informed, that in and by an act passed 25th February, 1847, entitled " An Act for the maintenance of the Rockford Bridge," it was, among other things, enacted as follows : " A special tax is hereby authorized to be levied upon the taxable property in Rockford precinct, in the county of Winnebago, for the purpose of repairing and maintaining the bridge across Rock River, at Rockford, and defray the debt incurred in its erection and repair." And that, in another part of the said act, it is enacted as follows : " Newton Crawford, Bela Shaw, Ephraim Wyman, and Daniel McKenney, are hereby appointed bridge commissioners of the Rockford Bridge. And said bridge commissioners and their successors are hereby appointed a body corporate and politic, by such name and style, and are hereby vested with power to declare the amount of tax to be levied on the taxable property of Rockford precinct aforesaid," meaning the said special tax. And in another part of the said act it is enacted as follows : " Said commissioners are hereby authorized to appoint a treasurer, to take charge of the funds collected ; and are also empowered to apply the proceeds of such tax to the maintenance and repair of the Rockford Bridge, and to defray the amount of indebtedness incurred in erecting and repairing such bridge." And in another part as follows : " Said commissioners are hereby required to keep said bridge in a good and safe state of repair, as far as the funds produced by such tax will warrant." And in another part it is enacted as follows : " An election for four commissioners, under this act, shall be held at the next general election, on the first Monday in August, eighteen hundred and forty-seven, and every year thereafter, to be elected by the legal voters of Rockford precinct," as by the act will more fully appear ; and the act still remains unrepealed. And the defendants, for the space of one hundred and twenty days now last past, and more, without any legal warrant, right, or title whatsoever, have used and exercised, and still do use and exercise, the said office of bridge commissioners, &c., to wit, at, &c., and each of them hath used and exercised, and still doth use and exercise, the said office of such bridge commissioner, to wit, at, &c. And the defendants for and during all the space of time last above mentioned, without any legal warrant, right, or title whatsoever, at Rockford, &c., have claimed, and still do claim, to be bridge commissioners, &c., under the act, and each of them hath claimed, and still doth claim, to be one of the said

bridge commissioners, &c., and to have and use and exercise all the powers and rights and duties appertaining to such bridge commissioners; which said office, powers, and rights, the said defendants for and during the whole time last aforesaid, upon the said people, have usurped, intruded into, and unlawfully held and executed, and still do usurp, unlawfully hold, and execute; and each of them hath usurped, intruded into, and unlawfully held and executed, and still doth usurp, intrude into, and unlawfully hold and execute, to wit, at, &c., in contempt of the said people, and to their great damage and prejudice, and against the peace and dignity of the same people.

There is a second count, like the first, except that it does not quote any part of the act, but alleges that the defendants, for one hundred and twenty days and more, had, without warrant, &c., used and exercised, &c., the office, powers, and rights of bridge commissioners of the Rockford Bridge, as a body corporate and politic, appointed by a certain other act of the general assembly of the State of Illinois, passed 25th February, 1847, entitled "An Act to provide for the maintenance of the Rockford Bridge."

The information concludes with a prayer by the State's attorney, praying the consideration of the court in the premises, and for process against the defendants, to compel them, and each of them, to answer to the said people, and to show by what warrant or authority they claim, and each and either of them respectively claims, to hold, have, use, and exercise the office, powers, and rights aforesaid.

The defendants entered their appearance in the Stephenson Circuit Court, 9th September, 1851.

On 14th September, 1852, a rule for plea was entered; and on the 21st, the defendants, by attorney, filed their plea, in substance, as follows: —

And the said defendants come and defend the wrong and injury, when and where, &c.; and protesting that the information is insufficient in law, and that they are not obliged to answer it; for plea say *informationem non,* because they say, that under the provisions of an act entitled "An act to provide for the maintenance of the Rockford Bridge," approved February 25, 1847, the said Bela Shaw and Newton Crawford, together with Ephraim Wyman and Daniel McKenney, were appointed "bridge commissioners of the Rockford Bridge," and they, the said commissioners and their successors, were in and by the said act, enacted, declared, and appointed a body corporate and politic, to continue and have succession, as by the

said act, reference thereto being had, will, among other things, more fully and at large appear. By force of the act, said Shaw, Crawford, Wyman, and Daniel McKenney, acted, &c., as such bridge commissioners until the first Monday in August, 1847.

By the said act, among other things, it was provided in the third section thereof, that " An election for four commissioners, under this act, shall be held at the next general election, on the first Monday in August, eighteen hundred and forty-seven, and every year thereafter, to be elected by the legal voters of Rockford precinct, and at all such elections, the two candidates residing on the east side of Rock River having the highest number of votes, and the two candidates residing on the west side of Rock River receiving the highest number of votes, shall be declared duly elected."

The plea then sets out an election on the first Monday of August, 1847, at which Shaw, Crawford, and said Wyman were elected; Crawford and Wyman residing on the west side of the river, and Shaw on the east, and Daniel McKenney and one Charles Works, both residing on the east side of the river, received an equal number of votes, and a greater number than any other residing on the east side of the river, next to Shaw.

Election in 1848 is set out in the same way.

And these defendants further say, that afterwards, to wit, on the 6th day of August, 1849, being the first Monday of said August, an election was held at the court house, in said Rockford precinct, in said county of Winnebago, by the legal voters of said Rockford precinct, for the choice of such four commissioners under and by virtue of the provisions of said act, and at said last-mentioned election, the said defendants, Bela Shaw and Bradford McKenny, residing on the east side of said Rock River, having received the highest number of votes at such election, and the said defendants, Newton Crawford and Harry N. Spalding, residing on the west side of said Rock River, having received the highest number of votes at such election, were duly, in due form of law, elected by the legal voters of said Rockford precinct, such four commissioners. And the said defendants, from and after the said last-mentioned first Monday in August, by virtue of their said election, and by force and virtue of the said act, they having taken the oath required by the said act, did enter into the said office, and have hitherto, to wit, from and after the said last-mentioned first Monday in August, until the filing of the said information, held the said office, and continued to exercise and perform the powers and duties thereof, as they lawfully might do, and as they were required by the provisions of the said act to do. All which matters and things they are ready to verify, &c. Wherefore, &c.

The People, *ex rel.* Dixon, *v.* Shaw et al.

On 25th September, 1852, by agreement of parties, the venue was changed again to Winnebago.

On 6th May, 1853, the State's attorney filed a demurrer to the plea, in substance as follows: —

And William Brown, State's attorney, &c., who prosecutes in behalf of the said people, says, that the said plea, and the matters therein contained, in manner and form as the same are above pleaded and set forth, are not sufficient in law, &c., and that he is not bound to answer the same. And this, &c. Wherefore, for want of a sufficient plea, he prays judgment for the people, and that the said defendants may be ousted, and may be fined, and that the relator may recover his costs.

*Causes of demurrer.* — The defendants have not alleged that they were elected by the legal voters of Rockford precinct, at an election held for that purpose, at a general election, according to the provisions of the act. But, on the contrary thereof, the said plea shows that they were elected at a time when no general election was, or could be held in this State.

Also, they have not shown by whom the said election was held, or the form or manner thereof, or whether they were declared elected, or were elected at the proper place, so as to enable the court to judge whether they were duly elected.

The demurrer was overruled, and judgment given, that the people take nothing by their information, and that the defendants recover against the relator their costs.

*Errors assigned.* — 1. The demurrer ought to have been sustained, and not overruled.

2. The demurrer ought to have been sustained for all and singular the causes therein set forth.

3. The judgment ought to have been for the people, against the defendants.

F. BURNAP, for plaintiff in error.

J. MARSH, for defendants in error.

SCATES, J. By an act, 25th February, 1847, for the maintenance of the Rockford Bridge, among other things, it was provided, that " an election for four commissioners, under this act, shall be held at the next general election, on the first Monday in August, eighteen hundred and forty-seven, and every year thereafter, to be elected by the legal voters of Rockford precinct," and making a corporation of them, with right of succession.

The People, *ex rel.* Dixon, *v.* Shaw et al.

The defendants were duly elected by the precinct on the first Monday in August, 1849; and this information was filed to try the question of holding the election on that day, under the act.

After the passage of this act, the general election, by the new constitution, was changed to November; and it is now insisted, that the true interpretation of the act fixed this election to be holden annually, at a general election. We put a different construction upon the provision. The word "general" was merely descriptive of the election, the time of holding which was fixed on the "first Monday in August," 1847, "and every year thereafter," which would fall again on the first Monday of August succeeding. Had it been the intention of the legislature to make the "general" election day the time, instead of the "first Monday in August," the date of the month, and the day of the week, may well have been omitted, without leaving the least ambiguity, in case of any change in the laws; or the same thing would have been accomplished by repeating the term and at the "general" election "every year thereafter."

There were other points raised on the argument, alleging the insufficiency of the plea for want of averments, showing by whom the election was holden, and that they were declared duly elected. The plea avers, that the election was holden "by the legal voters" of the precinct, at the proper time and place; and that defendants, "having received the highest number of votes at such election, were duly, in due form of law, elected by the legal voters of said Rockford precinct, such four commissioners."

Certainty to a common intent in general will satisfy the requirements of the law, where the substantial facts constituting the defence can be put in issue. We are of opinion, that the relator had the right to take issue upon all, or either of these essential facts, and to introduce his proofs of any want of conformity to the statute, and to insist upon full proofs of a compliance with it on the part of the defendants, under this plea. He could ask nothing more, as essential to his rights, in settling this question; however much additional technical verbiage might have been added, the proofs could not have been enlarged, nor essential facts multiplied. He would have a right to show that the election had not been held by persons authorized to hold it, or that proper returns had not been made, evidencing and declaring that election.

*Judgment affirmed.*