THE PEOPLE *ex rel*. W. H. STICKNEY

*v.*

JOHN M. PALMER, Governor of the State.

64   41,
160   84

64   41
105a   48

1. POLICE MAGISTRATES—*of the city of Chicago—abolished by constitution.* The constitution of 1870 has abolished the office of police magistrate in the city of Chicago. By prohibiting the election of justices of the peace in that city and providing for their appointment, it, by implication, prohibits the election of police magistrates who are, in fact, justices of the peace.

This was a petition filed by the relator in this court for a *mandamus* to the Governor, requiring him to commission the relator as a police magistrate of the city of Chicago.

Mr. W. H. STICKNEY, *pro se.*

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The relator filed his petition in this court for a *mandamus*, to the Governor, requiring the latter to issue a commission to relator as police magistrate in and for the city of Chicago. It is alleged in the petition that, at an election held in said city on the 7th day of November, 1871, the relator received a majority of legal votes cast for said office; that, on the 20th of the same month, the votes were canvassed by the common council of said city, upon which canvass relator was declared duly elected to the office of police magistrate in and for said city, and a certificate to that effect was issued by the clerk; that, upon the certificate of such election, application was made to the Governor for a commission, but that he refused to issue it on the ground that the constitution of 1870 has abolished the office of police magistrate in said city.

The Governor has voluntarily appeared in the cause; has stipulated that the petition may stand as an alternative writ;

admitted that the facts therein stated are substantially true, and avowed his willingness to issue the commission if this court shall be of opinion, upon the facts stated, that the relator is entitled to it.

This voluntary submission by the Executive, of the matter involved, to the adjudication of this court, relieves the court of all consideration of the question as to the authority of the court to coerce the performance of a public duty by the Executive of the State, and we may proceed to determine the question as if it were a controversy between private individuals.

The election of the relator is stated to have occurred on the 7th of November, 1871. If, therefore, the constitution of 1870 must be construed as having abolished the office of police magistrate in the city of Chicago, except as to persons holding that office at the time of its adoption, then the commission should not issue; and whether it did or not, is the question to be determined.

Article 6 of the constitution seems to embody two judicial systems. One relating to the State at large, except Cook county, and the other relating exclusively to that county. The general system is defined in that part of the article commencing with section one, to and inclusive of section twenty-two. In section 21 it is declared that: "Justices of the peace, police magistrates and constables shall be elected in and for such districts as are or may be provided by law, and the jurisdiction of such justices of the peace and police magistrates shall be uniform." That part of the article relating to Cook county is from section 23 to 28 inclusive. The latter section is as follows: "All the justices of the peace in the city of Chicago shall be appointed by the Governor, by and with the advice and consent of the Senate, (but only upon the recommendation of a majority of the judges of the circuit superior and county courts) and for such districts as are now or shall hereafter be provided by law. They shall hold their

office for four years, and until their successors have been commissioned and qualified; but they may be removed by summary proceedings, in the circuit or superior court, for extortion or other malfeasance. *Existing justices of the peace and police magistrates may hold their offices until the expiration of their respective terms."*

Prior to the constitution, .the offices of justice of the peace and police magistrate were alike elective, and the offices were in law the same. From the whole scope of section 28, the intention to introduce a new system in respect to these inferior courts is very manifest. Instead of being elected by the people as formerly, *all* justices of the peace in the city of Chicago are required to be appointed by the Governor, by and with.the advice and consent of the Senate, upon the recommendation of a majority of the judges of the courts mentioned; and, when so appointed, were subject to removal by the circuit or superior court by summary proceedings for malfeasance in office.

It is true, that the last branch of the section does not declare in so many words that no justices of the peace shall thereafter be elected by the people ; yet, that such a prohibition is clearly implied, must be admitted by every one who carefully considers the language : "Existing justices of the peace *and* police magistrates may hold their offices until the expiration of their respective terms." Police magistrates and justices of the peace being the same officers in law, though different in name, are put in the same category. We can not, therefore, say that there is an implied prohibition of the election of justices of the peace by the people, and none as to police magistrates. If we hold that police magistrates may still be elected as formerly, we must also hold that justices of the peace may, and thus defeat the plain intention of the constitution. We are, therefore, of the opinion that the office of police magistrate in the city of Chicago is abolished by the constitution, and that the peremptory writ should be denied.

*Peremptory writ denied.*