THE PEOPLE *ex rel.* John R. Lewis

*v.*

GEORGE W. WAITE.

| 70 | 25 |
| 24a | 613 |
| 70 | 25 |
| 160 | 81 |
| 70 | 25 |
| 81a | 57 |
| 70 | 25 |
| 186 | [2]167 |
| 186 | [2]168 |
| 186 | [1]316 |
| 70 | 25 |
| 193 | [2]431 |

1. QUO WARRANTO—*leave to file, a matter of discretion.* The granting of leave to file an information in the nature of a *quo warranto* is within the sound discretion of the court. Leave is not given as a matter of course, but a court ought not arbitrarily to refuse leave, but should exercise a sound discretion, according to law.

2. SAME—*how instituted.* The usual and proper mode of instituting a proceeding in the nature of a *quo warranto* is, for the State's attorney to submit a motion for leave to file the information, based on affidavit. A rule *nisi* is then laid on the defendant to show cause why the information should not be filed, which he may answer by counter affidavits.

3. ELECTION — *irregularities, waived by taking part.* Where an election for school trustee was held, but not at the place designated in the

notices thereof, and the relator, who sought to avoid the election on that ground, participated in the same, by voting, and running as an opposing candidate, it was *held,* that a sound public policy would forbid him from having the election of his opponent declared void on this ground, and that a rule *nisi* to show cause why an information by him should not be filed was properly discharged.

APPEAL from the Criminal Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

This was an application by the State's attorney, for leave to file an information of the relator, in the nature of a *quo warranto,* against George W. Waite.

The opinion of the court gives a summary statement of the case and the facts. The relator appealed.

Messrs. WILLETT & HERRING, and Mr. CHARLES H. REED, State's Attorney, for the appellant.

Messrs. LEAMING & THOMPSON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Our statute, in relation to informations in the nature of a *quo warranto,* is a substantial, if not a literal copy of 9 Anne, chap. 20, on the same subject. The granting of leave to file such informations, has uniformly been held, both in this country and in England, to be within the sound discretion of the court. Leave is not given as a matter of course, but a court ought not arbitrarily to refuse leave, but should exercise a sound discretion, according to law. Dillon on Mu. Cor., sec. 722; *State* v. *Tehoe,* 7 Rich. 246; *Commonwealth* v. *Arrison,* 15 Serg. & Rawles, 133; *The People* v. *Sweeting,* 2 Johns. 183; *King* v. *Hythe,* 6 Barn. & Cres. 247; *King* v. *Peacock,* 4 Term R. 684; *King* v. *Stacy,* 1 Term R. 1.

The mode for instituting such proceedings is, usually, as pursued in the case at bar. The State's attorney submitted a motion, based on affidavit, for leave to file an information in the nature of a *quo warranto.* A rule *nisi* was laid on

defendant to show cause why the information should not be filed. Respondent answered the rule by counter affidavits. This practice is warranted by the authorities. *The People* v. *Shaw*, 14 Ill. 476; *The King* v. *Symons*, 4 Term R. 221; *The People* v. *Tibbitts*, 4 Cowen, 383; *The People* v. *Richardson*, 4 Cowen, 103 and notes.

For cause shown, the court no doubt has a discretion to grant or refuse the leave asked, according to the circumstances.

Relator claims, he was, in a legal manner, elected school trustee for township 38, and that respondent has usurped that office, and now holds it, and is exercising its functions without authority of law. The affidavit shows respondent was, himself, elected to that office, by the qualified voters of the town. It is insisted, however, the election was void, for the reason it was not held at the place designated in the notices required by law to be posted prior to holding the election.

The counter affidavits show relator participated in the election he now seeks to have declared void, by voting thereat, and was himself an opposition candidate to respondent. Relator knew then, as well as now, what irregularities had intervened in the conduct of the election, and he ought not to be permitted to disturb the public welfare by having an election declared void, in which he participated with a full knowledge of all irregularities that existed. A sound public policy forbids it. The only informality charged is, the election was held at an improper place. This fact was known to relator. He uttered no complaint at the time, but submitted his claims to the office to the voters of the town voting at that place, and claimed the right to and did have his own vote recorded. These facts make it inequitable that he should have the remedy sought, and the court, in the exercise of a sound, legal discretion, properly discharged the rule.

The judgment must therefore be affirmed.

*Judgment affirmed.*