## The People ex rel. Thomas C. Garland

### v.

## Absalom B. Moore et al.

1. Quo warranto—*leave to file information not granted of course.* Leave to file an information is not granted of course upon a petition, but depends upon the sound discretion of the court and the circumstances of the case.

2. Under the present statute a court or judge may grant leave to file an information, in the nature of a *quo warranto*, upon a petition filed, if satisfied that there is probable ground for the proceeding, without any rule on the defendants; but the court or judge may, if deemed proper, enter a rule on the defendants to show cause why such information should not be filed.

3. Same—*by whom application may be made.* The fact that the relator took part in an election of trustees of a church, is a fatal objection to an

application, on his part, for leave to file an information in the nature of a *quo warranto*, charging them with unlawfully acting as such trustees.

APPEAL from the Criminal Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

This was a petition filed in the Cook County Criminal Court, by the State's attorney, for leave to file an information in the nature of a *quo warranto*, charging each of the appellees with unlawfully usurping and intruding into the office of trustee of the Ada Street Methodist Episcopal Church, in the city of Chicago, a corporation created by authority of the statute of this State.

At the time of the filing of the petition, the State's attorney entered a motion that the prayer of the petition be granted, and that the court order an information to be filed against the defendants, and that process issue against them; which motion was overruled and excepted to. The court then entered an order for a rule on the defendants to show cause why an information should not be filed against them, to which the people excepted.

Afterward, the State's attorney moved that the rule to show cause be vacated, and that an information be filed, for the reason that the recent statute has changed the former practice and dispensed with the common law rule to show cause. Said motion was overruled, and the plaintiffs excepted. The State's attorney then entered a motion to strike from the files the answer of the defendants and the affidavits in support thereof. The motion was overruled, and plaintiffs excepted. A demurrer to the answer was afterward filed by the State's attorney. Afterward, the rule to show cause coming on to be heard, the only evidence in the case being the petition, the answer of the defendants, and the four affidavits filed in support thereof, and there being no other evidence offered, the State's attorney then moved for leave to amend the petition so as to show—

1. That when the relator took part in the election named in the petition, he did not know of the existence of the "by-laws" of the church, providing for the election of trustees, the

134          THE PEOPLE *ex rel. v.* MOORE *et al.*     [Sept. T.

Opinion of the Court.

duration of their term of office, and the time and manner of their election.

2. That he did not know, at the time he participated in the election, of the unlawful character of the meeting at which the election was held.

And thereupon the court overruled the motion for leave to amend the petition, and denied the motion for leave to file an information in the nature of a *quo warranto*, and dismissed the petition at the costs of the relator, to all which exception was taken. The plaintiffs appealed, and bring the record here for review.

Mr. CHARLES J. BEATTIE, for the appellant.

Mr. LESTER L. BOND, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The general rule is, that leave to file an information is not granted of course, but it depends on the sound discretion of the court upon the circumstances of the case.

The present statute provides that the proper officer " may present a petition to any court of competent jurisdiction, or any judge thereof, in vacation, for leave to file an information, etc., and if such court or judge shall be satisfied that there is probable ground for the proceeding, the court or judge may grant the petition and order the information to be filed, and process may issue." It is contended, that by this statute the former practice of making a rule to show cause why the information should not be filed, has been abrogated and can not be now followed; that if probable ground for the information is shown on the face of the petition, then the court *must* grant the petition, the word " may " in the statute to be taken as meaning " must."

Doubtless the court or judge may grant the petition, without any rule to show cause; and it may be the statute contemplates, as the usual course, that the court or judge should act in view of what appears on the face of the petition, on the *ex*

*parte* application. But we do not perceive any substantial ground for complaint in the course which the court saw fit to pursue in the present instance. It does not appear that the court was satisfied that there was probable ground for the proceeding, so as to require it to order the information to be filed. There would not appear to have been any injurious delay caused by the course adopted.

The petition was presented July 9, 1874, the rule to show cause made at the same time, and returnable July 13, the answer filed July 18, and the rule brought on to be heard July 22, 1874.

The petition alleged that the appellees claimed and were exercising their offices under and by virtue of an illegal election. The answer disclosed the fatal objection to the application, that the relator was present and took part in the election. *The People, etc.* v. *Waite,* 70 Ill. 25; *The King* v. *Trevenen,* 2 B. and A. 339.

The fact was not denied, but admitted by the appellant by the motion to amend the petition for the attempted purpose of obviating the effect thereof. But we see nothing in the proposed amendment that would do so. It offered to show that the relator was ignorant, at the time, of the existence of the by-laws of the church providing for the election of trustees, etc. But the by-laws sustained, not invalidated, the election. It is not perceived how ignorance of anything going to sustain the election would in any way relieve from the effect of participation in it. The whole case made by the petition, is one of illegality in the election, as being contrary to the rules, regulations, customs and usages of the church. To amend by averring ignorance of the by-laws would seem to be inconsistent.

The proposed amendment was to show, further, that the relator, at the time he participated, did not know of the unlawful character of the meeting at which the election was held. Of what avail would that be, if the meeting was lawful, as shown by the answer and affidavits. Ignorance is not averred of any *fact* tending to show the meeting to have been unlawful or the election invalid.

We perceive no merit in the offered amendment, and think the court properly refused it.

It, then, not appearing to the court below that there was probable ground for the proceeding, the motion for leave to file the information was properly denied.

Perceiving no error in the rulings of the court the judgment is affirmed.

*Judgment affirmed.*