DUNCAN McPHAIL

v.

THE PEOPLE *ex rel.* Charles T. Lambert.

*Filed at Ottawa October 11, 1895—Rehearing denied March 10, 1896.*

1. LIMITATIONS—*quo warranto not within the statute.* A *quo warranto* proceeding to oust a person wrongfully acting as police magistrate is not within a statute of limitations applicable to ordinary civil actions, since it is a matter of public concern, and the maxim *nullum tempus occurrit regi* applies.

2. PLEADING—*what is not admitted by a demurrer.* A demurrer does not admit conclusions of law stated by the pleader, nor the construction placed by him upon statutes.

3. ESTOPPEL—*to question election of officer—what is not.* Street-corner prophecies of success and promises of assistance, made by an officer to a candidate for election to the same office, cannot have the effect of an estoppel against denying that any election was authorized by law,—at least when it does not appear that any reliance was placed upon them. *Soucy* v. *People*, 113 Ill. 109, *People* v. *Waite,* 70 id. 25, and *People* v. *Moore,* 73 id. 132, distinguished.

4. SAME—*recognizing de facto officer not an estoppel.* A police magistrate who recognizes another as a *de facto* magistrate does not thereby estop the People, upon his relation, from contesting the right of such *de facto* magistrate to his office.

*McPhail* v. *People ex rel.* 56 Ill. App. 289, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. THOMAS M. SHAW, Judge, presiding.

H. W. WELLS, for appellant:

A person ought not to be permitted to impeach a title conferred by an election in which he has concurred, nor the title of those mediately or immediately derived from such election. Short on Ex. Legal Rem. 152, *et seq.; People ex rel.* v. *Waite,* 70 Ill. 25; *People ex rel.* v. *Moore,* 73 id. 132.

We say this action can not be sustained. It would open the door to endless inconveniences to the public, with no corresponding advantages. Short on Ex. Legal Rem. 152, *et seq.*

The courts have several times said, wisely, they would not listen to one who has acquiesced, and perhaps concurred, in the very act complained of when it suits his purpose. Short on Ex. Legal Rem. 152, 153.

R. J. Cooney, State's Attorney, and L. F. Meek, for appellee:

In the absence of any statutory period of limitation, it is held in this country that the Attorney General may file the information in behalf of the People at any time, and that lapse of time constitutes no bar to the proceeding, in conformity with the maxim *nullum tempus occurrit regi.* High on Ex. Legal Rem. sec. 621, p. 451; *Commonwealth* v. *Birchett*, 2 Va. 51; *State* v. *Turnpike Co.* 8 R. I. 521; *People ex rel.* v. *Boyd*, 30 Ill. App. 615.

The fact that the relator may be found not entitled to the office will not authorize the defendant to hold it if he is not entitled to it. *State* v. *Anderson*, (Fla.) 8 South. 1.

The information need not show any title in the People, but it lies with the defendant to show a warrant for exercising the office he claims; and if the title set up is incomplete, the People are entitled to judgment. *People ex rel.* v. *Koerner*, 21 Ill. 65; 2 Kyd on Corporations, 399.

Mr. Justice Baker delivered the opinion of the court:

This is an information in the nature of a *quo warranto*, prosecuted in the Peoria circuit court by the State's attorney of Peoria county, in the name of the People of the State of Illinois, on the relation of Charles T. Lambert, and against Duncan McPhail, the appellant. The information was filed by leave of the judge of the court in vacation, and process was issued and served to the October term, 1893. The cause was heard at said term upon a demurrer to the first, second, third, fourth, fifth, sixth and seventh pleas of McPhail, and the court sustained the demurrer to each of said pleas, and McPhail standing by them, the court rendered judgment of ouster against

him from the office of police magistrate, and that he pay a fine of one dollar and the costs of the proceeding. On an appeal to the Appellate Court for the Second District the judgment was affirmed and this further appeal then taken.

It appears from the information that prior to November 6, 1891, the city of Peoria was organized under an act entitled "An act to reduce the charter of the city of Peoria, and the several acts amendatory thereof, into one act, and revise the same," approved February 20, 1869. It also appears that section 1 of an act approved and in force April 13, 1875, (Laws of 1875, p. 91; 1 Starr & Curtis' Stat. p. 533;) makes provision for the election of police magistrates in towns, cities and villages, and that section 2 of said act provides that the election for police magistrates in cities that have one or more police magistrates elected under a former organization, as a town or city, shall not be held until the term for which said police magistrate or magistrates were elected has expired. It also appears from the information, that at a municipal election held in the city of Peoria on the fourth day of November, 1890, Charles T. Lambert was elected police magistrate of the city of Peoria for the term of four years, and that afterwards, and within the time prescribed by law, he duly qualified as such police magistrate and was duly commissioned as such for four years from the first Tuesday in January, 1891, and ever since had been, and still was, performing the duties and exercising the powers, functions and jurisdiction of police magistrate of the city of Peoria, and that his term of office would not expire until the first Tuesday in January, 1895. And the information shows that on November 6, 1891, the city of Peoria became incorporated under the general Incorporation act, entitled "An act to provide for the incorporation of cities and villages," approved April 10, 1872, and that there is no provision in said act for the election of police magistrates in cities organized

under it; and shows that at a special election held in said city of Peoria for the election of city officers, on April 19, 1892, candidates for police magistrate were voted for without authority of law, and that at said election Duncan McPhail received a majority of the votes cast, and afterwards assumed to qualify as police magistrate, and has since wrongfully and without authority of law assumed to act as police magistrate of the city of Peoria.    The claim of the information is, that at the time of the adoption of the general Incorporation law by the city there was already a police magistrate in office, who had been elected while the city was incorporated under the act of February 20, 1869, and whose term of office would not expire until January, 1895, and that therefore the election of McPhail in April, 1892, as police magistrate, was not only unauthorized by law, but expressly prohibited by section 2 of the act of April 13, 1875.

The first plea sets up that the cause of action did not accrue within one year next before the commencement of suit, and the second plea, that it did not accrue within sixteen months.    Even if it should be regarded that the information in the case at bar is in effect a civil remedy for the protection of private rights, and that the statutes barring ordinary civil actions are applicable to it, yet the statute that would govern would be the last clause of section 15 of chapter 83 of the Revised Statutes, which provides that all civil actions not otherwise provided for shall be commenced within five years after the cause of action accrued.    But we do not consider this *quo warranto* proceeding prosecuted by the State's attorney for the purpose of ousting one charged with wrongfully and without authority of law exercising the office, jurisdiction and powers of a police magistrate, as simply a civil remedy for the protection of private rights only.    Police magistrates are public officers that are provided for in the constitution of the State, and by that instrument the judicial powers of the State are, in part, vested in them.

(Art. 6, secs. 1, 21.) The office of police magistrate is one in which the State and the general public have a deep interest, and the jurisdiction attached to it is uniform with that belonging to the office of justice of the peace. It is a matter of public concern to the people of the State, and against their peace and dignity, that any one should unlawfully, and without authority of right, exercise the jurisdiction, powers and functions of such office, and also a matter of interest to the State and to the general public that more persons than the law authorizes are acting as police magistrates. In this country the rule is that the Attorney General or State's attorney may file the information in behalf of the People, where the interests of the general public are involved, at any time, and that, in conformity with the maxim *nullum tempus occurrit regi*, lapse of time constitutes no bar to the proceeding. High on Ex. Legal Rem. sec. 621; *Commonwealth* v. *Allen*, 128 Mass. 308.

It is, however, to be borne in mind that granting leave to file an information in the nature of a *quo warranto* is a matter within the sound legal discretion of the court, or, under our statute, of the judge thereof in vacation; that in the application for such leave the length of time which has elapsed is a ground for refusing leave, to be considered along with all the other circumstances of the case, and that the common law furnishes no definite time beyond which an information will not lie. (Rev. Stat. chap. 112, sec. 1; *The King* v. *Stacey*, 1 Durn. & E. 1; *People ex rel.* v. *Waite*, 70 Ill. 25.) In the case at bar the appellant began to use and exercise the office of police magistrate on and after April 29, 1892, and on September 16, 1893, in vacation, the judge of the circuit court gave leave to file the information. No equitable reasons appear in the case for withholding the writ of *quo warranto*, and it cannot be said that there was no probable ground for the proceeding, or that there was an abuse by the circuit judge of the discretionary power given him by the statute.

The substance of the third plea is, that on April 19, 1892, "there being a vacancy in all the offices of said city, and especially there being a vacancy in the office of police magistrate of the city of Peoria," an election was held, and the defendant was duly and legally elected to the office of police magistrate, and duly qualified within twenty days, and was commissioned and was legally in said office, without this, that the relator, Charles T. Lambert, was ever legally elected police magistrate of the city of Peoria under the act of February 20, 1869." The plea also contains an averment that the city of Peoria had wholly failed and neglected to elect any police magistrate under any law, at any time prior to the last mentioned law, (Cities and Villages act, approved April 10, 1872,) and the said failure to elect, as aforesaid, was the cause of said before mentioned vacancy.

A plea must either traverse or confess and avoid. It is alleged in the information that at a municipal election for officers held in the city of Peoria on November 4, 1890, the relator was elected police magistrate of the city of Peoria for the term of four years; that he qualified as such and was commissioned, "and ever since has been and still is performing the duties and exercising the powers, functions and jurisdiction of police magistrate of the city of Peoria," and that his term of office would not expire until the first Tuesday in January, 1895. The plea does not traverse all or any of these allegations, or in direct terms state any fact or facts in avoidance. There is no direct averment that there was a vacancy in the office, and no facts stated showing such vacancy. It is not good and sufficient 'pleading to say, "there being a vacancy," etc. The defendant was called upon by the people of the State to either disclaim or justify, and if he justified, it was required of him to set out his title fully and particularly, and it was necessary for him to set up all the facts necessary to constitute a good and sufficient title to the office. This he did not do in this plea. The de-

murrer admits only such facts as are well pleaded, and it does not admit the conclusions of law stated by the pleader, nor the construction placed by him upon the statutes.

It would seem to be wholly immaterial whether, under the amendatory and revised charter of February 20, 1869, the police magistrates were to be elected by the people or appointed by the city council, for the constitution of 1870 provides that all police magistrates "shall be elected," and the act of April 13, 1875, makes ample provision for the election of a police magistrate quadrennially, at the annual election of city officers, in cities incorporated under special acts, in all cases where the law under which the city is incorporated "does not authorize the *election* of a police magistrate."

The case made by this third plea is wholly unlike *Soucy* v. *People ex rel. McCracken*, 113 Ill. 109, which seems to be largely relied on by appellant. In that case Soucy had been elected to the office for a stated time, and until his successor should be elected and qualified, and it was held that he could lawfully hold over until his successor was elected and qualified without being guilty of usurpation of office, and that the relator, McCracken, had failed to establish his election to the office. Here, on the other hand, McPhail, the defendant, was not the incumbent of the office at and before the time of the supposed election, but, on the contrary thereof, the relator was such incumbent, and no question of the right to hold over after the expiration of a term of office is involved.

The fourth plea sets up that prior to the election of April 19, 1892, at which defendant was the candidate of one of the political parties for the office of police magistrate, the relator, Lambert, said to him, in substance, that he, Lambert, would assist the defendant to secure his election by all means in his power, and also said to him, in substance, "You can beat that other fellow,"— meaning the opposing candidate of the other political

party. The fifth and sixth pleas are substantially like the fourth plea. It does not appear from either of said pleas that the relator, Lambert, was a candidate at said election of April 19, 1892, or that he voted at said election, or that he rendered any assistance, either at or before the election, in securing the election of either appellant or his opponent, or that he was even in the city of Peoria when the election was held. We are unable to see that these street-corner prophecies and promises of assistance, upon which it does not appear that even the slightest reliance was ever placed by appellant, can have the effect of an estoppel,—and especially in a case like this, where the interests of the State and of the general public are involved. *People ex rel.* v. *Waite,* 70 Ill. 25, is not in point. There the relator participated in the election by voting, and by running as an opposing candidate. Nor is *People ex rel.* v. *Moore,* 73 Ill. 132, an authority for appellant, for there the relator was present at and took part in the election of trustees of the church.

The seventh plea avers that on, and ever since, April 30, 1892, Lambert, the relator, was and has continued to be an acting police magistrate for the city of Peoria, and during all that time has kept an office as such, and that relator, from April 30, 1892, until the commencement of this suit, sent many cases wherein changes of venue were taken from him, to the defendant for trial, and tried many cases which were sent to him by defendant on change of venue. McPhail, the defendant, was a police magistrate *de facto.* Police magistrates are justices of the peace in law and in fact, though different in name, (*People ex rel.* v. *Palmer,* 64 Ill. 41,) and Lambert, himself a police magistrate, had no jurisdiction or authority to officially determine that appellant was not a police magistrate and justice of the peace, *de jure* as well as *de facto.* The statute (Rev. Stat. chap. 79, sec. 30,) made it Lambert's duty, in case of a change of venue, to transmit all the papers and documents belonging to the suit to the nearest justice

of the peace, and also made it his duty to proceed in all suits sent to him on change of venue "as if the suit had been instituted before him." The plea is to be taken most strongly against the defendant below, (appellant here,) whose pleading it is, and so the presumption must be that appellant and the relator, each respectively, was the nearest police magistrate or justice of the peace, each to the other. We perceive nothing in this plea that would preclude or estop the people from maintaining this *quo warranto* suit or Lambert from being the relator therein.

There was no error in sustaining the demurrer to the several pleas, or in rendering judgment of ouster and for a fine and costs.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*