## People ex rel. Woodward v. J. R. Paisley et al.

1. QUO WARRANTO—*Practice—Requisites of the Petition.*—Sec. 1, Chap. 112, S. and C. Ill. (1896) Statutes, entitled " Quo Warranto," and Sec. 10, Chap. 110, Ib., entitled "Practice," require, in cases where it is sought to test the right of a person to hold an office in any corporation, that a proper petition must be presented to a court of record of competent jurisdiction, or a judge thereof, in vacation, by the attorney-general or a state's attorney, for leave to file information in nature of a quo warranto; and such petition must contain a statement of facts sufficient to authorize the court or judge to frame an order granting such leave, so that the defendant therein, by answering, pleading or demurring thereto, may tender to the court for determination, such issues of law or fact as are usual in actions at law in courts of record.

2. SAME—*Courts May Act upon Petition Without Compelling Respondents to Show Cause.*—The court or judge may act upon the petition of the relator without first entering a rule upon the respondents to show cause, and if there are probable grounds, allow the petition to be filed.

3. SAME.—*Discretionary Powers of Court Exhausted When.*—When the court has allowed the information to be filed, and ordered the summons to be issued, its discretionary powers are exhausted, and the issues presented by the pleadings must then be tried in accordance with the strict rules of law, in the same manner as in ordinary cases.

4. SAME—*Judge May Act upon Petition During Vacation.*—The judge as well as the court may act upon the petition in vacation, but he can make orders only to the extent that the statute authorizes him.

People v. Paisley.

He possesses no docket and can enter no general orders, or render no judgment in vacation, by virtue of his general powers of judge, and when he is by statute authorized to act in vacation the statute itself is the measure of his authority.

5. CITY COURTS—*Power of Judge to Grant Leave to File Information, etc.*—The judge of the city court in vacation, without the petition required by the quo warranto act is without authority to make an order to file the information.

Quo Warranto.—Trial in the City Court of Litchfield, Montgomery County; the Hon. AMOS OLLER, Judge, presiding. Finding for defendants; appeal by plaintiffs. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

M. M. CREIGHTON, state's attorney, and LANE & COOPER, attorneys for appellant.

" When the court allowed the information to be filed and ordered the summons to be issued, its discretionary powers were exhausted, and the issues of fact and of law presented by the pleadings must then have been tried and determined in accordance with the strict rules of law, in the same manner and with the same degree of strictness as in ordinary cases." High on Extraordinary Legal Remedies, Sec. 606; People ex rel. v. Golden Rule, 114 Ill. 34.

HOWETT & JETT and ZINK & KINDER, attorneys for appellees.

An information in the nature of a *quo warranto* can be filed only upon a petition therefor being presented to the court or judge in vacation, and leave to file the same being granted. The petition is jurisdictional. R. S., Ch. 112, Sec. 1; People ex rel. v. North Chicago Ry. Co., 88 Ill. 537; Stolberg v. Ohnmacht, 50 Ill. 442; Evans v. Bouton, 85 Ill. 579; Abbott v. Kruse, 37 Ill. App. 549.

Where the court in term time grants leave to file the information (People ex rel. v. Golden Rule et al.), its discretionary powers are exhausted; but the criticisms made upon this decision in People ex rel. v. Lake Street Elevated R. R. Co., 54 Ill. App. 348, and the showing there made that the authorities cited do not support the doctrine, would induce a court to follow that opinion only when imperatively required so to do.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was a proceeding by an information in the nature of a *quo warranto* instituted in the City Court of Litchfield, Montgomery county, by the appellant against the appellees, by filing in that court the information and affidavit shown in this record, with an order of the judge of that court made in vacation, and indorsed on the back of the information, granting leave to file the same, and directing the clerk of that court to issue process against the appellees returnable at the next term of the court.

At the next term of the court after the order granting such leave was made, the court, on motion of the appellees, vacated the order granting such leave, quashed the writ, dismissed the proceeding and gave judgment against the appellant for costs.

The appellant brings the proceeding to this court by appeal and urges us to reverse that judgment and remand the proceeding, for the reason that the court improperly vacated the order granting such leave; improperly quashed the writ; improperly dismissed the proceeding and improperly gave judgment against the appellant for costs.

The information is in the usual form, signed by the state's attorney of Montgomery county, and gave the court to understand that the appellees were, in the county of Montgomery in this State, holding and executing, without any right, however, the office of directors of the Mutual Protective League, a corporation, and were usurping said office in said county, against the peace and dignity of the people of the State of Illinois.

The affidavit filed with this information was made by the relator, and in substance stated that she is a policy holder in the Mutual Protective League, and had heard read the petition for information, and that the facts stated therein were true; that the appellees, nor any of them, were ever legally elected to the offices stated in the information for the reason that in and by the by-laws of said League, among other things, it is provided as follows: "And in no case shall a

delegate authorize another to vote in his place by proxy;" and that in violation of said by-law the appellees and each of them wrongfully and illegally elected themselves or pretended to, to such offices by the use of proxies, contrary to said by-law; affiant further states that the appellees, since the 15th day of April, 1898, have attempted to hold and execute their respective offices in the petition mentioned, without any right or authority of law whatever, because the management of the aforesaid League by the charter thereof, was vested in a board of nine directors; that the appellees in part constituted said board, and their said term of office, under and by virtue of said charter, expired on the 15th of April, 1898, since which time they have assumed to fill the respective offices without any warrant or authority of law, contrary to said charter.

The bill of exceptions shows that at the June term, 1898, of the court, the appellees entered a limited appearance in this proceeding, for that purpose, and moved the court to quash the writ, because when issued, no term of court had been established according to law, but that motion was stricken from the files by order of the court; then appellees entered a motion to require appellant to restore to the files the petition for leave to file the information, whereupon the state's attorney and counsel for the relator stated to the court that no such petition ever existed and none was ever presented to the judge of the court when leave was obtained from him in vacation to file the information and affidavit that were filed in this case; then the appellees entered their motion to vacate the order granting such leave, and to dismiss the proceeding, which the court allowed and entered the judgment aforesaid.

The appellees insist that a proper petition for leave to file the information should have been presented by the attorney-general or the state's attorney, to the judge in vacation, before he had jurisdiction to grant the order for leave to file the same; and when the appellees discovered in court time, that no such petition was ever in existence, they then had the right to move the court to vacate the order of its

judge, made without jurisdiction; and the court properly granted the motion, quashed the writ thus improperly issued, and dismissed the proceeding, because without such petition and leave to file the information and affidavit, they were not properly before the court.

The appellant, on the other hand, insists that this is a civil proceeding, and since the appellees had moved the court to quash the writ for want of jurisdiction in the court, and their motion had been stricken from the files, and they had then moved the court, without any limit of appearance, to rule the appellant to restore the petition to the files, they thereby gave the court jurisdiction, and it was then too late for them to move the court to vacate the order allowing the information and affidavit to be filed, and to quash the writ and dismiss the proceeding.

A decision of these contentions involves the proper construction of our statutes on the subject. Sec. 1, Chap. 112, S. and C. Ill. (1896) Statutes, entitled "Quo Warranto," provides:

"That in case any person shall usurp, intrude into or unlawfully hold or execute any office in any corporation created by authority of this State, the attorney-general or state's attorney of the proper county, either of his own accord or at the instance of any individual relator, may present a petition to any court of record of competent jurisdiction, or any judge thereof in vacation, for leave to file an information in the nature of a *quo warranto* in the name of the People of the State of Illinois."

And Sec. 10, Chap. 110, Ibid., entitled "Practice," provides:

"It shall not be necessary hereafter, in any action of * * *quo warranto* to set out the cause of action in the writ, but it shall be sufficient to summon the defendant in a summons in the usual form, commanding the defendant to appear and answer the plaintiff in an action of *quo warranto,* * * * and the issue shall be made up by answering, pleading or demurring to the petition as in other cases."

We think these sections of the statute require that in cases where it is sought to test the right of any person to hold or execute any office in any corporation created by

People v. Paisley.

authority of this State, that a proper petition must be · presented to a court of record of competent jurisdiction, or a judge thereof, in vacation, by the attorney-general or state's attorney, for leave to file an information in nature of a *quo warranto*, and that such petition must contain a statement of facts sufficient to authorize the court or judge to frame an order granting such leave, so that the defendant therein, by answering, pleading or demurring thereto, may tender the court for determination such issues of law or fact as are usual in actions at law that are prosecuted in courts of record.

There are some cases decided by our Supreme and Appellate Courts under our *quo warranto* act, in which the practice of presenting a motion to the court, accompanied by an information and an affidavit, requesting the court to grant leave to file the information and direct process to issue, as was the practice at common law in that respect is approved.  (See The People ex rel. v. Waite, 70 Ill. 25, for instance.)   But the *quo warranto* and practice acts have been so changed in regard to *quo warranto* proceedings since those decisions were made, and it seems clear to us that it was intended thereby not to adhere to that practice.   See The People ex rel. v. Golden Rule et al., 114 Ill. 34.

Counsel for the appellant, in their brief, calls our attention to this case in 114 Ill. 34, and insists that the Supreme Court of our State have therein expressly decided that when the court or judge had allowed the information to be filed, and ordered the summons to be issued, its or his discretionary powers were exhausted, and the case must then be tried on its merits; and it would be error for the court to afterward vacate the order allowing the information to be filed and to dismiss the proceeding without a trial on the merits, as was done in the case at bar.

An examination of that case shows that the court was then construing Sec. 1, Chap. 112, Ibid., without reference to the power and effect of the court acting upon the petition spoken of by the statute without first ruling the defendant to show cause why the petition should not be

allowed and the order for leave and process made. And in passing upon that question, the writer of the opinion said:

"The court or judge may, under the present statute (same then as now), act upon the petition of the relator, without first laying a rule upon the respondents to show cause, and if it is satisfied that there are probable grounds for the filing of the petition, allow it to be filed. No hardship can result from this when it is reflected that the summons, if ordered in vacation, must be returnable on the first day of the next succeeding term * * * and that the respondents, upon the return of the writ, may demur to the information, and thus test its sufficiency; or if it be sufficient, by plea set up any defense why judgment should not be pronounced upon it, against the respondents. (See *Quo Warranto* Act, Sec. 4.) When the court had allowed the information to be filed, and ordered the summons to be issued, its discretionary powers were exhausted, and the issues of fact and of law presented by the pleadings must then have been tried and determined in accordance with the strict rules of law, in the same manner, and with the same degree of strictness as in ordinary cases. (High on Extraordinary Legal Remedies, latter part of Sec. 606.)

It is not denied that if the order to issue the summons had been made under a misapprehension of some facts material to be known by the court before making such order, and but for which it would not have been made, it would have been competent for the court to vacate the order at any time during the term. But the court here acted upon no such mistake. It simply allowed that which should have been interposed as a defense on the final hearing, to be urged as a ground for vacating the order."

In the same case the opinion contains this language also, at page 44: "Authority is given by the present statute to the judge, in vacation, as well as the court, to act upon the petition. But a judge, in vacation, can make orders only to the extent that the statute orders him to do so. He possesses no docket, can enter no general orders, and render no judgment in vacation, by virtue of his general powers as judge; and when he is by statute, authorized to act in vacation, the statute itself is the measure of his authority."

We are of the opinion that the judge of the City Court in vacation, without such petition as Sec. 1 of the *Quo War-*

*ranto* Act requires being presented to him (as this record shows was not), was without authority to make the order he made granting leave to file the information and affidavit, and directing the clerk to issue summons against the appellees; that therefore the court properly vacated such order so improperly made in vacation; and inasmuch as the information then on file was improperly ordered to be filed, and there being no cross-motion made by the appellant for leave to file such petition as the statute required, and then for the court to grant leave to refile the information, the court properly entered the judgment it did.

We think the appellees did give the court 'jurisdiction of their persons by making their second and third motion in this case, and the court had jurisdiction of the subject-matter, but without a petition before it, such as the statute requires, there were not before the court, nor any offer by the appellant to bring before it properly, such pleadings as would enable it to hear and determine the rights of the parties in this case.

Finding the judgment rendered in this case was properly entered under the state of the case as shown by the record, we affirm it.