(No. 15390.—Judgment affirmed.)

THE PEOPLE *ex rel.* August Hartke *et al.* Appellants, *vs.*
F. B. ROBERTS *et al.* Appellees.

*Opinion filed June 20, 1923.*

SCHOOLS—*when relators are estopped to attack validity of high
school district.* Acquiescence in the organization of a community
high school district for more than three years, during which time
elections have been held authorizing bonds for the purchase of a
school house site and the erection of a building, in which school
has been conducted for two years, justifies a judgment against re-
lators on a plea of estoppel in a *quo warranto* proceeding attack-
ing the validity of the district on the ground that it is not com-
posed of compact and contiguous territory.

APPEAL from the Circuit Court of Macoupin county;
the Hon. FRANK W. BURTON, Judge, presiding.

LESLIE M. HARLAN, State's Attorney, and HOGAN &
REESE, for appellants.

A. H. BELL, and ALFRED A. ISAACS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The circuit court of Macoupin county found the appel-
lees not guilty of usurping the privilege and franchise of
a community high school district and rendered judgment
against the relators for costs.

The petition for leave to file the information charged
that the territory organized as Community High School
District No. 180 was not compact and contiguous but in-
cluded territory eleven miles from the location of the school
and so remote that it was impossible for children of high
school age to attend the school. A plea was filed alleging
that the territory constituting the district was compact and
contiguous and that the district was organized in accord-
ance with the statute. An additional plea was filed alleg-

308—32

ing facts designed to operate as an estoppel against the relators, and the cause was heard on the issues thus formed.

The facts alleged in the additional plea were stipulated or proved. The district was organized by virtue of an election held on August 17, 1918, and the first election for members of a board of education was held on September 7, 1918. Annual elections were held thereafter for members of the board of education, and the defendants were elected and were serving as members of such board. The board of education established and conducted a high school, and on May 25, 1919, a petition was presented asking for submission to the voters of the question of locating a school house site, erecting a building and issuing bonds therefor. An election was held and a site selected and purchased. Bonds of the district in the sum of $80,000 were authorized, issued and sold and the proceeds were used to build a school building. The building cost $123,000, the equipment $13,000 and the site $3000. Taxes for the maintenance of the school and the expenses connected therewith were levied and collected, and the relators, who had lived in the district during all of the period from the organization of the district, participated in elections held and paid taxes levied by the board of education. The petition for leave to file the information was presented to the circuit court at the June term, 1922, and the school had been conducted by the board of education during the existence of the district and the last two years in the new building. There were 277 scholars attending the school and a superintendent and eleven teachers were employed.

The above facts bring the case within the principles declared and applied in *People v. Waite,* 70 Ill. 25, *People v. Schnepp,* 179 id. 305, *People v. Hanker,* 197 id. 409, *Soule v. People,* 205 id. 618, *People v. Jackson,* 305 id. 385, and *People v. Stewart,* 306 id. 470. The long acquiescence in the organization of the district and in conducting a high school, the participation in elections, allowing bonds to be

issued and sold and the payment of taxes by the relators, as well as the public injury and inconvenience resulting from a destruction of the district, justified the judgment.

The judgment is affirmed.  *Judgment affirmed.*