(No. 15637.—Judgment affirmed.)

THE PEOPLE ex rel. Charles Koontz et al. Appellants, vs.
E. B. EMMERSON et al. Appellees.

*Opinion filed October 28, 1924.*

1. QUO WARRANTO—*filing an information rests in discretion of court—prima facie case.*  The granting or withholding leave to file an information in the nature of *quo warranto* rests in the discretion of the court to which the application is made even though there is a substantial defect in the title by which the office or franchise is held, but if the allegations of the petition show a *prima facie* case the court cannot arbitrarily deny leave but should enter a rule to show cause why the information should not be filed or grant the leave and require the defendants to set up their defense by proper pleadings and evidence.

2. SAME—*petition for leave to file information should state facts and not conclusions.*  A petition for leave to file an information in the nature of *quo warranto* should not recite mere conclusions but should state facts sufficient to satisfy the court or judge that there are competent grounds for the proceeding; and the statements should be full and positive and drawn in such manner that perjury may be assigned thereon if any material allegation therein is false.

3. SCHOOLS—*general rule as to when a district is "compact."*  The territory of a community high school district is compact and contiguous, within the meaning of the law, when all the pupils residing in the district may conveniently travel from their homes to the school building and return in a reasonable length of time and with a reasonable degree of comfort.

4. SAME—*when filing information is properly denied on ground of laches.*  Although a petition for leave to file an information attacking the organization of a community high school district shows a *prima facie* right to file the information, the court may deny leave where affidavits of the respondents clearly show that the public for more than three years acquiesced in the organization of the district and relators participated in elections for bonds and the selection of a school site and where great inconvenience and public detriment will result from a judgment of ouster.

APPEAL from the Circuit Court of Wayne county; the Hon. J. C. EAGLETON, Judge, presiding.

ROSCOE FORTH, State's Attorney, THEODORE G. RISLEY, and BEN H. TOWNSEND, for appellants.

313—14

H. S. Burgess, and Virgil W. Mills, for appellees.

Mr. Chief Justice Duncan delivered the opinion of the court:

The circuit court of Wayne county denied leave to the People to file an information against appellees, the board of education of Fairfield Community High School District No. 225, and rendered judgment for costs against the relators, Charles Koontz and ten others, citizens, residents and tax-payers of the school district.

The petition for leave to file the information was presented to the judge in vacation on March 8, 1923, and charged, in substance, that the territory comprised within the pretended district did not consist of compact and contiguous territory as defined by the decisions of this court; that it contained a total area of 108 sections of land, including the city of Fairfield, which has a population of about 2500 and which is the community center; that the distance on a straight line from Fairfield to the northeast corner of the district is about seven miles, from the southwest corner thereof to Fairfield about eight and one-half miles, from the northwest corner about seven miles, and from the southeast corner about seven and one-half miles; that there are a number of high school pupils in the district who are required to travel over dirt roads to attend school as far as thirteen or fourteen miles; that the west six miles of the district is eight miles north and south by six miles east and west, and that the east six miles of the district is six miles east and west by ten miles north and south; that the city of Fairfield is located immediately south and southeast of the point where the four townships of the district corner; that a part of the territory of the district, approximately seven or eight thousand acres, lying near the southwest corner, is low, marshy land and forms an immense swamp; that because of the hills immediately southwest of Skillet Fork creek, which cuts across said

corner, the flood waters which frequently occur during the school terms are forced to the north of the creek and form a vast lake of water on the low, swampy land of the district; that high school pupils living in that part of the district south of the swamp during the winter months cannot attend the school at all because the roads leading to Fairfield become impassable for ordinary and usual country travel, and such pupils are deprived of the advantages and benefits of the high school during a considerable part of the school term; that the public roads leading from all the remote parts of the district are ordinary dirt roads, and become so bad in winter and during wet weather and other times that on account of the long distances to travel to the high school the pupils in such remote parts cannot travel to and from school from their homes and are compelled to board and lodge at or near the school center of Fairfield at great expense in order to attend the high school.

On the presentation of the petition both the appellants and appellees were represented by their attorneys, and the judge entered a rule that a hearing on the petition be set for the first day of the following June term of the court for the purpose of determining whether or not leave should be granted to file the information. Both parties appeared at said term, and appellees presented a number of affidavits denying the allegations of the petition to the effect that the territory was not compact and contiguous. There was no denial of the attempted organization of the territory into the high school district aforesaid or that the territory was not properly described in the petition. Appellees very pointedly by their affidavits denied all of the alleged conditions of the district and of the roads thereof, and the affidavits filed by them contained other allegations tending to show that the territory of the high school district and the high school center were reasonably accessible to all the pupils of the district and that such pupils could attend the high school by traveling to and from their homes. The relators also filed

a number of affidavits which strongly supported the allegations in the petition.

In the affidavits filed by appellees they set forth facts by which they contend that the relators are estopped to make the charges and contentions set forth in their petition and are not entitled to have leave to file the information, to the effect that the election to vote upon the proposition of organizing the territory into a community high school district was had on January 10, 1920; that there were 948 votes for and 195 votes against such organization; that on January 24, 1920, the board of education was elected for the district; that on March 13, 1920, the proposition of issuing bonds in the sum of $115,000 to build a high school building was voted upon, 349 votes being cast for and 53 votes against issuing the bonds; that on March 27, 1920, the district voted to build the high school building and purchase a school site, at which election 848 votes were for and 64 votes were against the proposition of building, and 848 votes for the purchase of a site and 52 votes against, and that a school site was selected; that the board of education has levied and collected $30,000 taxes, established a high school and employed teachers, and the high school has been conducted ever since it was organized; that $20,000 taxes were levied in the year 1922, which it would be necessary to collect to pay the outstanding indebtedness of the district; that $6800 has been received by the district for tuition of non-resident pupils; that the district has purchased and collected library and laboratory equipment, school furniture, typewriting machines for use in the commercial department, and other necessary equipment, and has constructed a building at a cost of about $6000 for the use of the city district common schools so that the high school might occupy certain portions of the city public school buildings; that there are 273 students attending the high school and that the average attendance for the last six months was 253; that there are eleven

teachers engaged in the high school; that it is a four-year accredited high school, approved by the University of Illinois and other colleges; that this high school is the only four-year accredited high school in Wayne county; that the nearest high school to the east is at Albion, a distance of eighteen miles; that the next nearest high school with a four-year accredited course is to the northeast, at Olney, twenty miles away; that the nearest one to the north is at Flora, about thirty miles; that the nearest to the northwest is at Salem, Marion county; that the nearest to the west is at Mt. Vernon; that the nearest to the southwest is at McLeansboro, a distance of thirty miles; that the nearest to the southeast is at Carmi; that there are now attending the high school about 75 students living outside the district, and for which it will be entitled to tuition out of the non-high-school funds of Wayne county in the sum of approximately $7500; that the district only has $75.62 in its treasury to pay teachers' orders and other accounts against the district and that there will be no other funds to pay out unless the taxes for 1922 be collected by it; that there is due the First National Bank and the Fairfield National Bank, in Fairfield, the total sum of $4863.26 for high school teachers' orders purchased; that some or all of the relators have voted at all the elections held in the district, including the one for organization; that they have at all times had full knowledge of all the foregoing facts stated in appellees' affidavits and have paid taxes in the district since it was organized. The record also discloses clearly that the relators have at all times been thoroughly acquainted with the topography of the district, the condition of its roads, and other conditions which they claim render the district and the school center inaccessible to the pupils.

The granting or withholding leave to file an information rests in the sound discretion of the court to which the application is made, even though there is a substantial defect

in the title by which the office or franchise is held. (*People* v. *Waite*, 70 Ill. 25; *People* v. *Moore*, 73 id. 132; *People* v. *Callaghan*, 83 id. 128; *People* v. *North Chicago Railway Co.* 88 id. 537.) This does not mean that the court may arbitrarily refuse leave to file the information if the allegations of the petition show a *prima facie* right to file it. The petition in this case does show such *prima facie* right and the relators' affidavits supported it, and the affidavits of the respondents merely denied the facts stated in the petition and in the affidavits supporting it. Had the respondents' case closed with the simple denial of the petition and disputing the accompanying affidavits the court would not have been justified in denying the leave to file the information, because under the practice in this State the People would have had the right to have the rule made absolute and the respondents ruled to affirmatively allege by proper pleadings and prove by proper evidence on a final hearing their defense made by their pleadings. The real question in the case for the decision of this court is whether or not the special facts presented in the affidavits filed by the appellees warranted the court in denying leave to file the information. These facts were not directly denied by any affidavits presented by the relators. The only affidavit filed by them bearing on those facts was one of a member of the board of education to the effect that no bonds of the district have ever been issued or sold; that no building has been built for the district and that there are no considerable obligations of the district outstanding for any purpose. The last statement was a mere conclusion of the affiant. The petition, or the affidavits filed in support thereof, must recite facts,—not mere conclusions,—sufficient to satisfy the court or judge that there are competent grounds for the proceeding, and they must be full and positive and be drawn in such manner that perjury may be assigned thereon if any material allegation therein is false. *People* v. *Union Elevated Railway Co.*

263 Ill. 32; *People* v. *Roberts,* 279 id. 540; *People* v. *Graham,* 301 id. 446.

The word "compact," as used in the statute under which this district was organized, as defined by the late decisions of this court, means concentrated, or close or near to a certain center. The territory of a community high school district is compact and contiguous, as determined by this court, when it is so closely united and so nearly adjacent to the school building that all the pupils residing in the district may conveniently travel from their homes to the school building and return in a reasonable length of time and with a reasonable degree of comfort while attending school. (*People* v. *Young,* 301 Ill. 67; *People* v. *Kirkham,* 301 id. 45; *People* v. *Cowen,* 306 id. 330; *People* v. *Crawford,* 310 id. 205.) This definition forbids the conditions in the district that make it necessary for pupils to board and lodge at or near the school center in order that they may have the benefits of the school of their own district which their parents are taxed to maintain. But, notwithstanding the fact that the petition in this case showed a *prima facie* right to file the information, the special facts set up by respondents bring this case within the rules and principles declared and applied in *People* v. *Waite, supra, People* v. *Schnepp,* 179 Ill. 305, *People* v. *Jackson,* 305 id. 385, *People* v. *Stewart,* 306 id. 470, *People* v. *Jones,* 308 id. 246, *People* v. *Roberts,* 308 id. 497, and *People* v. *Cox,* 311 id. 529. The public acquiesced in the organization of the district and in levying taxes, in equipping and conducting the high school, in voting for bonds and selecting a site, and until the district became indebted for real service rendered to the people of the district, which could not be paid for if the district were to be destroyed through the proceedings brought by the relators. Besides, relators participated in the elections, and the record clearly discloses that they were conversant of every fact that was stated in their petition, and in the affidavits in support thereof, since the

time the district was organized, and although more than three years have elapsed they have not shown or attempted to show any reason whatever why these proceedings were not instituted at an earlier time. Great inconvenience and public detriment would result if this case were allowed to proceed to a judgment of ouster, and which would destroy the district if relators should succeed in their suit.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*