THE PEOPLE *ex rel.* Michael Howard *et al.*

*v.*

GEORGE SCHNEPP *et al.*

| 179 | 305 |
| 197 | ³411 |
| 179 | 305 |
| 205 | ³623 |

*Opinion filed April 17, 1899.*

1. QUO WARRANTO—*remedy is not a matter of absolute right.* The remedy by information in the nature of *quo warranto* is a matter calling for the sound judicial discretion of the court, and should be denied to parties whose conduct has been such that its allowance would result in a wrong.

2. SAME—*court may consider motives and position of relator.* In the exercise of its sound discretion in the matter of granting or denying the remedy by information in the nature of *quo warranto*, the court may consider the position and motives of the relator and the necessity or policy of granting the remedy.

3. SAME—*remedy should be denied after unreasonable delay and acquiescence by relators.* The remedy of information in the nature of *quo warranto* to test the legality of the organization of a drainage district should be denied where the relators have delayed three years with full knowledge of all matters pertaining to such organization, have attended all meetings of the commissioners, acquiesced in the making of the improvement and received its benefits.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

E. A. HUMPHREYS, State's Attorney, J. C. McBRIDE, and W. M. PROVINE, for plaintiffs in error.

JAMES M. TAYLOR, and JAMES B. RICKS, (TAYLOR & ABRAMS, of counsel,) for defendants in error,

179—20

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The State's attorney of Christian county asked leave of the circuit court of that county to file an information, on the relation of Michael Howard and Thomas E. Butler, against the defendants in error, acting as commissioners of drainage district No. 3 in South Fork township, in said county, challenging the legality of the organization of said district. The leave was granted, and the information having been filed the defendants in error were summoned to answer. The ground of the claim that the district was never legally created is, that it was organized under section 76 of the Drainage act in force July 1, 1885, providing for drainage districts by user, and the organization only included that part of the lands through which the ditches had been constructed by voluntary action which were located in the town of South Fork, and did not include a large body of land embraced in the district as before existing by user, situated in the town of King. The claim is, that there was no jurisdiction to organize the district without including all the lands embraced in the system of drainage before existing by the voluntary action of the owners. The interest of the relators averred by amendment to the information is, that their lands are near the mouth or outlet of the ditch, and that the burden and expense to be borne by them is much greater than it would have been if all the lands situated in the district by user had been included in the drainage district as organized. The question whether such an organization is legal was raised by a demurrer to a replication of plaintiffs to the first plea of defendants. The demurrer was sustained, and plaintiffs elected to stand by their replication.

The amended pleas set out the organization of the district, and the third and fifth pleas aver that the information is prosecuted at the several instance and procurement and for the sole benefit of the relators; that

they both had full notice of every step taken in the organization of the district and were both present at every meeting of the commissioners prior to and at the time of such organization and at the time set for hearing objections to the graduated scale of benefits adopted for the lands in the district, and made no objection to any of said proceedings; that the district was organized June 15, 1887, and each one was given credit for the ditch already on his lands, and said ditches were improved and the lands were given excellent outlets in the fall of that year; that the sons of the relator Howard, who were living at home with him, took the contract for the improvement of the ditch through his lands and received $300 for making said improvements; that a much larger sum of money was spent on their lands than the amount of their tax, and they received the full benefit of the expenditure of money by the district and accepted the same, and that neither of them made any objection to the legality of the organization until three years had elapsed after the money had been spent and the improvements, of which they received the full benefit, completed through their lands, and they are now simply attempting to dissolve the district and receive the benefit of the money expended without paying their proportionate share. A demurrer to these pleas was overruled, and plaintiffs elected to stand by the demurrer. There was judgment for the defendants for their costs, and the writ of error in this case is sued out to review the action of the court.

We have concluded that the third and fifth pleas present such facts as justify the judgment, and that the court was right in overruling the demurrer to them. If these facts had appeared when the relators proposed to the court an inquiry into the legality of the organization of the district by filing the information, it would have been proper for the court to withhold the leave asked for, and when such facts were made manifest by these pleas the court would not be bound to proceed to judg-

ment if the pleas should be sustained by the proofs. The demurrer admitted the truth of the pleas, and it will not be necessary to consider any other question than their sufficiency.

The proceeding by information in the nature of a *quo warranto* is a subject for the exercise of sound judicial discretion. The rule is the same as in *certiorari* under like circumstances, and the remedy is not a matter of absolute right. It is proper for the court, in the exercise of discretion, to consider all the circumstances of the case, the position and motives of the relator in having the proceeding instituted, and the necessity and policy of allowing the remedy. An unreasonable delay or an acquiescence on the part of the persons complaining, as well as consideration of the public interest or convenience, will justify a refusal to grant leave to file the information or to proceed to judgment, although no statute of limitations has intervened. (*Trustees of Schools* v. *School Directors*, 88 Ill. 100; *Board of Supervisors* v. *Magoon,* 109 id. 142; *People ex rel.* v. *Boyd*, 132 id. 60.) According to the pleas to which the demurrer was overruled, there was in this case a delay of three years by the relators, with full knowledge of everything that had been done. They were present at all the meetings of the commissioners prior to and at the organization of the district, and when the graduated scale was fixed as to their lands. They stood by and saw the improvement made and money expended upon their lands and received all the benefits. The remedy should not be permitted to parties who have been guilty of such conduct that a wrong would be done by granting it. There was no error in overruling the demurrer to the pleas, and as plaintiffs elected to stand by their demurrer the judgment entered was proper.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*