THE PEOPLE *ex rel.* William H. Kidd *et al.* Appellants, *vs.* JOHN E. CROWLEY *et al.* Appellees.

*Opinion filed October 28, 1913—Rehearing denied Dec. 5, 1913.*

1. QUO WARRANTO—*remedy by information is not a matter of absolute right.* The remedy by an information in the nature of *quo warranto* is not a matter of absolute right but is a subject for the exercise of sound legal discretion, and the court should take into consideration all the circumstances of the case.

2. SAME—*what will justify a refusal to proceed to judgment.* If a proceeding by information in the nature of *quo warranto* is actually in the private interest of the relators, only, and the interest of the people is merely theoretical, an unreasonable delay or acquiescence on the part of the relators, as well as considerations of public interest and convenience and the consequences of a judgment of ouster, will justify refusing to proceed to judgment.

3. APPEALS AND ERRORS—*objection to manner of proving contract cannot be first raised on appeal.* If no objection to the manner of proving a contract is made in the trial court no objection can be raised on appeal.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

GEORGE S. WILEY, State's Attorney, (L. W. BREWER, and LESTER H. STRAWN, of counsel,) for appellants.

BUTTERS & ARMSTRONG, BROWNE & WILEY, and CRAIG & CRAIG, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

On August 22, 1905, an information in the nature of *quo warranto* was filed in the circuit court of LaSalle county by the State's attorney of that county, on the relation of William H. Kidd, against the appellees, John E. Crowley, James P. Garland and Fred T. Davis, calling upon them to show by what warrant they claimed to hold and execute the offices of commissioners of the alleged Drainage District No. 1 of the town of Ophir, in the county of LaSalle. Afterward an additional count was filed, and

on November 28, 1906, an amendment was filed to both counts, joining thirteen other relators with the original relator. Pleas were filed, to which a demurrer was sustained, and the defendants electing to stand by the pleas, judgment of ouster was entered against them. They appealed to this court, which reversed the judgment and remanded the cause. (*People* v. *Crowley*, 250 Ill. 282.) The opinion in that case states fully the facts averred in the pleas. On the re-instatement of the cause it was stipulated that all replications that could be filed to the pleas should be regarded as filed. The cause was tried by the court without a jury, judgment was rendered in favor of the defendants, against the relators, for costs, and the latter have appealed.

The legal sufficiency of the pleas was adjudged on the former appeal. The facts were all put in issue by the stipulation and evidence was introduced on both sides. It may be conceded for the purpose of this opinion that the drainage district was not legally organized. The pleas were sustained on the theory that they showed the participation of the relators in the preliminary organization, after which assessments were levied, liabilities incurred and contracts to large amounts entered into before any steps were taken to inquire into the legality of the organization of the district, and it was held that if the facts were as set out in the pleas, the acquiescence of the relators barred them from raising the question of the legality of the organization. It is manifest that the interest of the public in this proceeding is only theoretical and that the substantial interest is entirely the private interest of the relators, who seek to escape the supposed illegal imposition of an assessment which they deem unfair. The remedy by an information in the nature of *quo warranto* is not a matter of absolute right but is a subject for the exercise of sound judicial discretion. The court should take into consideration all the circumstances of the case, and if the proceeding is in the private interest of the relators, only, an unreasonable delay or acquiescence

on their part, as well as considerations of public interest
and convenience and the consequences of a judgment of
ouster, will justify a refusal to proceed to judgment. *Peo-
ple* v. *Schnepp,* 179 Ill. 305; *People* v. *Drainage District,*
193 id. 428; *People* v. *Anderson,* 239 id. 266; *People* v.
*Lease,* 248 id. 187.

The order purporting to organize the drainage district
was entered on January 25, 1905. An election was called
for March 11, 1905, and was held on that date, at which
William H. Kidd, the sole relator in the original informa-
tion, was a candidate for commissioner. He received the
same number of votes as the appellee John E. Crowley.
They drew lots and Crowley was successful. The commis-
sioners classified the lands of the district upon a graduated
scale, and a meeting to hear objections to the classification
was held on July 10, 1905, at which the relator Kidd was
present and objected to the classification of his land and
his figure of classification was reduced. In a bill in chan-
cery subsequently filed by Kidd and the other relators and
verified by their affidavit, it was stated that the modified
classification roll was satisfactory to all present at the meet-
ing, and that when the meeting adjourned it was understood
that all objections had been obviated by the changes made,
and that there were no objections to or persons dissatisfied
with the classification roll as modified but that it was sat-
isfactory to all. Pursuant to advertisement a contract for
the construction of the ditch, amounting to about $25,000,
was let on August 9, 1905, and soon after work was be-
gun under the contract and continued until its completion.
Kidd was aware of every step taken toward the organiza-
tion of the district, and it was not until August 22, 1905,
after the contract was let, that any steps were taken to in-
quire into the legality of the organization of the district.
His participation and acquiescence in the proceedings un-
der the decision on the former appeal bar him from rais-
ing the questions which are now made the subject of com-

plaint. It was not until a year and a quarter later, on November 28, 1906, when more than five miles of the seven and a half miles of ditch were completed under the contract, that the other relators were joined in the proceeding. This was nearly two years after the organization of the district, during which the action of carrying on its business was continuously conducted, of which the relators were fully informed. Some of them voted at the election of commissioners; most of them attended the meeting for hearing objections to the classification of their lands and objected to the classification and obtained reductions; all of them joined in the bill afterward filed to enjoin the assessment, in which they declared that the classification as modified at the meeting for that purpose was satisfactory to every one; some conveyed the right of way for the ditch to the district and the right of way was condemned across the land of others; some were signers of the original petition; some have paid assessments; some have not joined in this appeal, and some signed a petition to the commissioners to divide the original assessment into six installments and issue bonds therefor. All were aware of the work that was being done, the money expended and the liabilities incurred, but not until the work was nearing completion did they join in the attack upon the organization of the district. They were equally barred with the original relator.

The appellants argue that since the record of the drainage district does not show any contract for the construction of the ditch the district is not responsible for the work done in the construction of the ditch and the relators are not affected by it. No objection to the manner of proving the contract was made at the trial, and no objection not made at the trial can be availed of here.

The many errors in the appellees' brief in its references to the abstract have added materially to the labor involved in the investigation of this case.

The judgment is affirmed.          *Judgment affirmed.*