(No. 12257.—Reversed and remanded.)

THE PEOPLE *ex rel.* Carl E. Robinson, State's Attorney, Appellant, *vs.* JOHN A. Moss *et al.* Appellees.

*Opinion filed February 20, 1919.*

1. QUO WARRANTO—*right of land owner to prosecute information against commissioners of drainage district.* A land owner in a drainage district, having a right distinct from that of the public at large and enforcible by *quo warranto,* is entitled to institute a proceeding by information in the nature of *quo warranto* against the drainage commissioners, and if his petition is in proper form and makes a *prima facie* case it is the duty of the State's attorney to sign and file the petition. (*People* v. *Healy,* 230 Ill. 280, followed.)

2. SAME—*the defense of estoppel or laches should be set up by plea.* Facts relied upon to establish an estoppel or *laches* as a defense to an information in the nature of *quo warranto* should be set up by plea and not presented on motion of the defendants to set aside the order granting leave to file the information and to dismiss the petition.

APPEAL from the Circuit Court of Morgan county; the Hon. F. W. BURTON, Judge, presiding.

CARL E. ROBINSON, State's Attorney, (WORTHINGTON, REEVE & GREEN, of counsel,) for appellant.

L. O. VAUGHT, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

On the last day of the November term, 1917, of the circuit court of Morgan county the State's attorney presented to the court a petition for leave to file an information in the nature of *quo warranto* against John A. Moss, F. J. Blackburn and H. E. Ogle. The petition was sworn to by John Frank. Leave was granted, and an information entitled "The People of the State of Illinois, on the relation of Carl E. Robinson, State's Attorney, *vs.* John A. Moss, F. J. Blackburn and H. E. Ogle," was filed. The information charges that the defendants had been and were unlawfully assuming, without any warrant, charter, grant or title, to act as commissioners of Mauvaisterre Drainage and Levee District, in Morgan county, Illinois, and claiming the power, as such commissioners, to collect special assessments and perform divers other acts as commissioners of said alleged drainage corporation. The information was in the usual form in such cases. Process was ordered issued, returnable to the February, 1918, term of the Morgan county circuit court. At the February term defendants to the petition moved the court to set aside the leave granted at the previous term to file the information and to strike the information from the files. The grounds set out in the motion were that no public interest was involved, that the sole purpose of the proceeding was to litigate the private right of John Frank, and that the petition filed showed no probable cause or ground for granting leave to file the information. On the hearing of the motion certain affidavits were presented by defendants in support thereof. The motion was allowed, the order granting leave to file the information set aside, and the information was dismissed and stricken from the files. The People prayed an appeal, which was allowed, and the record is brought to this court for review.

John Frank was not mentioned as a party to the proceeding, as relator or otherwise. The only place his name

appears in the pleadings is to the affidavit to the petition.
Two affidavits were filed by counsel for appellees on the
hearing of the motion to set aside the order granting leave
to file the information, of parties who stated that the
State's attorney said he had not filed the petition for leave
to file the information; that the petition and information
had been prepared by a lawyer whose name appears on the
briefs as counsel for appellant; that he (the State's at-
torney) signed the petition and information to permit his
name to be used by said counsel as a matter of courtesy,
and that he would have nothing further to do with the case.

The errors assigned purport to be assigned by Robin-
son as State's attorney, and his is the only name signed to
them. It seems apparent that the proceeding was instituted
by Frank. Both counsel in their briefs so treat it and we
will assume this is so. One ground of the motion for set-
ting aside the order granting leave to file the information
is that the proceeding was begun for the sole purpose of
litigating the private right of Frank. Another of the con-
tentions of appellees is that *quo warranto* will not lie for
the protection or enforcement of private rights. This court
held in *People* v. *Healy*, 230 Ill. 280, that where an indi-
vidual has a private right or grievance distinct from that
of the public at large, which is enforcible by *quo warranto*
under the statute, he may present his petition to the State's
attorney for his signature, and if in proper form and a
*prima facie* case is shown it is the duty of the State's at-
torney to sign it, and this duty may be enforced by *man-
damus*. In the opinion the court said: "Appellee urges
that it is doubtful whether *quo warranto* is the proper rem-
edy in this instance, as merely private interests are here
involved. We think an inspection of section 1, *supra,* dis-
pels this doubt, as it expressly gives the remedy in any
case where any person usurps or unlawfully holds any office
in any corporation created by authority of this State." The
court referred to the class of cases, without citing them,

where a land owner claimed he had been wrongfully included within a drainage district, where it was held that his only remedy is *quo warranto* to determine whether or not the corporation is exercising powers not conferred by law. On the hearing of the motion to set aside the order of the previous term and dismiss the information, appellees produced and offered in evidence the record and files of the proceeding to organize Mauvaisterre Drainage and Levee District. One purpose in offering these records and files was to show a condition or state of facts which estopped Frank from now questioning the legality of the organization. Appellant claims no such state of facts is shown by the records, but it is claimed that the record, proceedings and orders offered show there never was any legal organization of the district. The record is not in a condition to enable this court at this time to intelligently pass upon either of those questions. Frank was authorized to institute and prosecute the proceeding in the name of the People, at his relation, unless he had by some action or conduct estopped himself from doing so. The facts relied on to establish an estoppel or *laches* may be set up by plea if so desired, so that the question can be intelligently considered and determined, which is impossible under the state of the record now before us. In our opinion the petition showed probable cause for granting leave to file the information, and the court erroneously set aside the order granting the leave and dismissing the petition.

It is very vigorously argued by appellant that the order granting the leave having been made at the October term, the court was without power at the February term to set aside said order. As in our view setting aside the order and dismissing the information was erroneous whether entered at the same term leave was granted or at a subsequent term, it is unnecessary to pass upon that assignment of error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*