(No. 14662.—Judgment affirmed.)

THE PEOPLE ex rel. James D. Webster et al. Appellants,
vs. L. T. JACKSON et al. Appellees.

*Opinion filed October 21, 1922—Rehearing denied Dec. 13, 1922.*

1. SCHOOLS—*when court may deny information on grounds of public interest.* Where a township high school district has been in existence and operation for ten years, during which time its legality was not questioned, the court may refuse, on the ground that the public interest and convenience are concerned, to grant leave to file an information in *quo warranto* or to proceed to judgment declaring the district illegal.

2. QUO WARRANTO—*long acquiescence in municipal powers may be ground for refusing leave to file information.* On an application for leave to file an information in the nature of *quo warranto* the court may consider the public interest and convenience and long acquiescence by the people in the exercise of municipal powers, and these considerations may justify a refusal to grant leave to file the information or to proceed to judgment.

APPEAL from the Circuit Court of Stark county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, (JOHN W. FLING, JR., BARNES, MAGOON & BLACK, and CLARENCE N. BOORD, of counsel,) for appellants.

J. H. RENNICK, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Stark county, at its February term, 1922, denied on the ground of *laches* a petition of the Attorney General, on the relation of many individuals, for leave to file an information in the nature of *quo warranto* against L. T. Jackson and six others, charging them with unlawfully holding and executing without warrant, lawful right or authority the offices of president and members of the board of education of Toulon Township High School District No. 4, which was alleged to be a pretended district

whose organization was illegal and void. The People appealed from the order denying leave and dismissing the petition and filed a bill of exceptions containing the petition, exhibits and affidavits upon which the court acted in denying the petition.

The district was organized in 1912 as the result of an election held on July 30 and has ever since maintained a high school. The district was sixteen miles long north and south and eight miles wide east and west. It contained ninety-seven sections of land and comprised more than one-third of the area of Stark county. Measured on section lines, the extreme corner of the district was twelve miles from Toulon, where the school was held. In 1916 the law under which it was organized was held unconstitutional in *People* v. *Weis*, 275 Ill. 581. In 1917 an act was passed to legalize the organization of high school districts, (Laws of 1917, p. 744,) which was held in *People* v. *Madison*, 280 Ill. 96, to be effective for that purpose. It applied, however, only to cases where the territory involved was compact and contiguous, and it is argued by the appellants that the territory in this case is not compact. The circuit court did not decide this question but denied leave to file the petition in the exercise of its discretionary power to refuse such leave even though the respondents have no legal defense which they can plead in bar of the writ of *quo warranto*. The petition in this case was not filed until nearly ten years after the organization of the district, which had during those years maintained a high school. Until that time the officers charged with the duty of preventing any usurpation of corporate franchises had not deemed it essential to the public interest to inquire into any alleged usurpation. This high school district, comprising more than a third of the county, was during all the time in operation in apparent compliance with the law, which required the maintenance of a school for at least seven months in the year. It levied taxes each year, which were collected and

used in paying the expenses of maintaining the school, and in November, 1919, an election was held upon a proposal to issue $100,000 of bonds for the purpose of purchasing a site and erecting a school building. The proposal carried, the bonds were issued and sold, and the funds derived from the sale are in the hands of the township treasurer. The court, in the exercise of its discretion, might well conclude that it was not for the public interest that the question of its legal incorporation should be raised for the purpose of destroying a high school district whose legal existence had not been questioned for ten years, during which it had been performing all the functions of a municipal corporation lawfully organized, with the full recognition of the public school authorities. The court may consider, on an application for leave to file an information in the nature of *quo warranto,* the public interest and convenience and long acquiescence by the people in the exercise of municipal powers, and these considerations may justify a refusal to grant leave to file the information or to proceed to judgment. *People* v. *Schnepp,* 179 Ill. 305; *People* v. *Hanker,* 197 id. 409; *Soule* v. *People,* 205 id. 618; *People* v. *City of LeRoy,* 293 id. 278.

The affidavits filed with the petition show certain proceedings taken by the relators subsequent to July 1, 1917, for the purpose of having their lands detached from the district. Such proceedings were not begun until five years after the attempted organization of the district and after the school had been in operation, the district had been exercising its corporate franchises, levying and collecting taxes and paying expenses, and they present no reason for granting leave to file the information.

The judgment is affirmed.          *Judgment affirmed.*