(No. 15706.—Reversed and remanded.)

THE PEOPLE *ex rel.* William Satorius *et al.* Appellants, *vs.*
THE CHANDLERVILLE COMMUNITY HIGH SCHOOL DIS-
TRICT No. 62, Appellee.

*Opinion filed February 19, 1924.*

· 1. CONSTITUTIONAL LAW—*application of a valid law to certain
conditions may destroy constitutional rights.* A law may be within
the legislative power and not violate any provision of the consti-
tution, but when applied to certain persons and conditions the ex-
ercise of the authority given may destroy constitutional rights and
render such application of the statute illegal and void.

2. QUO WARRANTO—*filing information is not an absolute right.*
Leave to file an information in *quo warranto* is not an absolute
right but the application or petition is addressed to the sound judi-
cial discretion of the court.

3. SAME—*court may grant leave on petition, alone, or enter rule
nisi to show cause—answer.* On the filing of a petition for an in-
formation in *quo warranto* the court may, in its discretion, grant
leave to file the information on the petition, alone, or it may enter
a rule *nisi* that the respondent show cause and may hear affidavits,
but the filing of an answer to the petition is not authorized by law.

4. SAME—*on appearance of respondent, court may consider any
fact properly influencing its decision to grant or deny leave.* On
the presentation of a petition for leave to file an information, if a
rule *nisi* is entered or the respondent appears without such a rule
the court may consider any fact properly influencing the judicial
discretion.

5. SAME—*when petition shows probable cause the court cannot
consider facts which should be set up by plea.* If a petition for
leave to file an information shows probable cause the court has no
authority to try the case on facts set forth in affidavits which are
proper subjects for pleas, but the information should be allowed
to be filed and the facts must be set up by plea, so that their suf-
ficiency as a defense may be determined.

APPEAL from the Circuit Court of Cass county; the
Hon. GUY R. WILLIAMS, Judge, presiding.

L. M. McCLURE, State's Attorney, THOMPSON &
THOMPSON, and A. A. LEEPER, for appellants.

A. T. LUCAS, and J. J. NEIGER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The State's attorney of Cass county presented to the circuit court an information in the nature of *quo warranto* calling upon Community High School District No. 62 of Cass county to answer to the people by what authority it claimed to exercise the franchises of a community high school district over territory claimed to have been annexed by virtue of a proceeding for the annexation of such territory which was alleged to be illegal and void. Notice was given to the authorities of the district, who appeared and contested the application, and the court denied the leave asked for, dismissed the petition and entered judgment for costs against the relators. From that judgment this appeal was prosecuted.

The petition accompanying the information alleged that Community High School District No. 62 of Cass county was organized in 1918 and the community high school was established in the village of Chandlerville; that in 1920 the *ex-officio* board entered an order purporting to annex to the district the territory in question, which is a very large body of land on the east side of the district nearly as large as the original district, as shown by a map accompanying the petition; that the village of Chandlerville was three and one-fourth miles from the western boundary of the district as originally organized and about eight and one-half miles from the eastern boundary of the territory alleged to have been annexed; that the children traveling by legally established highways from the northeast corner of the territory in question would have to travel about thirteen miles to the school, and those living in the southeast corner, traveling by such highways, would have to travel ten and one-half miles to the school. The petition also set forth the nature of the territory, existing streams and other alleged con-

311—15

ditions affecting travel, and charged that the district, as claimed to exist through the alleged illegal annexation, was not composed of compact and contiguous territory and not such as to furnish to all the children of the territory the privilege of receiving an education, as guaranteed by the constitution.

Upon the appearance of the respondent a war of affidavits was begun. There was a great number of them, and the respondent made considerable use of a printed form of affidavit so that they could be furnished wholesale, and has filed an additional abstract to present some of the affidavits more particularly. The affidavits for the respondent embraced apparently about everything that had happened since the organization of the original district, including an election for the dissolution of the district, at which there were considerably more votes against discontinuing the district than there were in favor of it; the filing of a bill by some tax-payers to enjoin the collection of taxes on the ground that the statute providing for annexation was unconstitutional; the fact that the district had to pay $3000 to attorneys in that suit and the decree denying the injunction was affirmed by this court in *Milstead v. Boone,* 301 Ill. 213, and other matters having no relation to the question before the court. The question before the court in the case referred to was whether the act authorizing annexation was unconstitutional, so that no territory could be annexed by virtue of it, while the question in the case presented was whether there had been an illegal exercise of the authority, in violation of constitutional rights. A law may be within the legislative power and not violate any provision of the constitution, but when applied to persons and conditions the exercise of the authority given may destroy constitutional rights and render such application of the statute illegal and void.

The statute in relation to *quo warranto* provides that the State's attorney, of his own accord or at the instance

of any individual relator, may present a petition to any court of competent jurisdiction for leave to file an information in the nature of *quo warranto* in the name of the People of the State of Illinois, and if such court shall be satisfied that there is probable ground for the proceeding it may grant the petition and order the information to be filed and process to issue. (Smith's Stat. 1923, p. 1640.) Leave to file the information is not an absolute right and the application is addressed to the sound judicial discretion of the court. The filing of an answer to the petition is not authorized by law, and if the petition shows probable cause the court may grant leave on the showing of the petition or may enter a rule *nisi* that the respondent show cause, and may hear affidavits and deny the petition if facts properly influencing the discretion of the court are presented showing that the leave should not be granted. It is discretionary with the court whether leave shall be granted on the showing of the petition or a rule *nisi* shall be entered. (*People* v. *Drainage District,* 193 Ill. 428; *People* v. *Lease,* 248 id. 187.) If a rule *nisi* is entered or the respondent appears without such a rule, the court may consider any fact properly influencing the judicial discretion. (*People* v. *Schnepp,* 179 Ill. 305; *People* v. *Stewart,* 306 id. 470.) If the petition shows probable cause the court has no authority to try the case on the application for leave to file the information upon facts which are proper subjects for pleas. Such facts must be set up by plea, so that the sufficiency of the facts alleged as a defense may be determined as in any other action at law. *People* v. *Moss,* 286 Ill. 589.

No one can tell from the record in this case for what reason or upon what ground leave to file the information was denied. The petition shows probable cause, and it is apparent that the denial resulted from a consideration of affidavits denying the facts alleged in the petition or setting up other facts which would have been subject matter

for pleas so far as they could have any effect at all. Most of the matters set up in the affidavits either contradicted the facts stated in the petition or facts which would be proper to be presented by plea, forming issues of fact to be tried and which could not influence the discretion of the court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*